**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA., | : | |
| | | Case No. 3:97CR074 |
| Plaintiff, | : | 3:06CV013 |
| | | |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| MARGARITO FLORES, | : | |
| | | |
| Defendant. | : | |

**REPORT AND RECOMMENDATIONS[1]**

Petitioner, Margarito Flores brings this Motion to Vacate, Set Aside or Correct his

Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 233). The Motion is before the Court for initial

review pursuant to Rule 4 of the Rules governing § 2255 cases.

Petitioner plead guilty and was convicted of conspiracy to distribute and possess cocaine

and marijuana for intended distribution. On November 2, 2001, he was sentenced to 108 months

of imprisonment and five years of supervised release. Petitioner thereafter appealed and on

November 4, 2002, the Sixth Circuit Court of Appeals affirmed Petitioner's conviction. The

Court of Appeals held that Petitioner waived his right to appeal his sentence; the denial of a

motion to withdraw guilty plea was not an abuse of discretion; no cognizable Apprendi error

occurred; and, the calculation of drug quantity was not clearly erroneous. *United States v. Flores*,

Case No. 01-4213 (6th Cir. Nov. 4, 2002). Petitioner did not file a petition for certiorari in the

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Dockets.Justia.com

United States Supreme Court.

In his § 2255 Motion, Petitioner sets forth the following grounds for relief:

Ground One: The court abused its discretion by not sentencing Defendant under the drug having the lesser sentence in a multiple drug conspiracy with a general verdict.

Ground Two: The court abused its discretion by accepting a plea agreement and proffer from the defendant when the judge knew did not represent the voluntary knowledgeable agreement of the defendant.

Ground Three: My paid assistance of counsel was ineffective and unprofessional for the numerous reasons stated herein and but for the ineffective assistance of counsel, the result would have been different.

Ground Four: The court abused its discretion by allowing the prosecution to proceed driven by the government's motive of retaliation for the defendant's 1987 marijuana case dismissal.

Ground Five: The court abused its discretion after specifically stating a supreme court case (Apprendi) made the requirement of all elements of the offense to be in the indictment and that Apprendi applied to this case with the Sixth Circuit making drug amounts an element of the offense, which was later made applicable to the USSG in Booker and Fanfan by not dismissing the case for the lack of the drug amount element in the indictment.

A 1-year period of limitation applies to § 2255 Motions. The limitation period shall run

from the latest of–

(1) the *date on which the* judgment *of conviction becomes final;*

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In *Clay v. United States,* 537 U.S. 522, 123 S. Ct. 1072 (2003)*,* the United States Supreme Court held that for federal criminal defendants who do not file a petition for certiorari on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires.

Petitioner's § 2255 Motion is barred by the applicable statute of limitations. The statute began to run on January 13, 2003 (69 days days after the conviction became final) when the time for filing a petition for certiorari expired. The statute of limitations expired one year later- on January 13, 2004. Petitioner's § 2255 Motion was filed almost two years later on January 12, 2006, the date he placed the motion in the prison mailbox. *Houston v. Lack,* 487 U.S. 266 (1988).

Petitioner contends that his § 2255 Motion was filed within one year of the decision of the United States Supreme Court in *United States v. Booker,*___U.S.___, 125 S.Ct. 738 (2005) and that therefore his Motion is timely. However, the *Booker* decision is not applicable to cases on collateral review (i.e., cases brought under 28 U.S.C. § 2255). *Humphress v. United States,* 398 F. 3d 855 (6th Cir. 2005).

Because the Motion shows on its face that it is barred by the applicable statute of limitations, it should be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal in forma pauperis and a certificate of appealability.

IT IS THEREFORE RECOMMENDED THAT:

1.      Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 233) be dismissed;

2.      That a certificate of appealibility not issue; and,

3.      The case be terminated on the docket of this Court.

January 20, 2006

s/ Sharon L. Ovington

Sharon L. Ovington
United States Magistrate Judge

NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See United States v. Walters, 638 F. 2d 947 (6th Cir. 1981); Thomas v. Arn, 474 U.S. 140 (1985).